# CHARLESTON.

STATE ex rel. D. L. BAILEY et als. v. COUNTY COURT OF
WAYNE COUNTY et als.

Submitted October 18, 1922.  Decided October 18, 1922.

Opinion Filed October 24, 1922.

1.   ELECTIONS—*Members of Executive Committee of Political
     Party May be Represented by Proxy.*

     The practice of members of political committees of desig-
     nating or appointing proxies to represent them, and of recog-
     nizing such proxies, being one of long standing and uniformly
     recognized by the councils of the Republican party, will not
     be condemned in the absence of a legislative requirement
     prohibiting it.   (p. 70).

2.   OFFICERS—*"De Facto Officer"* Defined.

     A valid election or appointment of a person to an office or
     other position at or before he enters upon his duties is not a
     prerequisite to his status of *de facto* officer.  It suffices if
     he is not a mere usurper of the position he holds, and that he
     *bona fide* holds it under color of an election or appointment,
     irregular and unauthorized though it may, be.   (p. 70).

Application for mandamus by the State, on the relation of
D. L. Bailey and others, against the County Court of Wayne
County and others.

*Writ awarded*

W. T. *Lovins*, and A. A. *Lilly*, for relators.
C. W. *Ferguson*, for respondents.

RITZ, JUDGE:

By this proceeding the relators seek to compel the re-
spondents, the members of the county court of Wayne county,
to appoint certain persons as election officers for the election
to be held in said county in November of the present year, as
representing the Republican party, it being conceded that
that party, under the provisions of the law, is one of the
parties entitled to nominate to the county court election
officers to be appointed.

The facts as developed upon the hearing are, that the Re-
publican county committee of Wayne county is composed of

twelve members; that one W. H. Newhouse is the chairman
of that committee, and that on the 25th of September said
Newhouse wrote a letter to each of the twelve members of
the committee asking them to make up lists of election officers
for their several districts to represent the Republican party
in the election, and send these lists to him; and further ad-
vised them that he would be at the county seat of the county
on Monday, the 2nd of October, that being the day before
that upon which the election officers were to be appointed
by the county court, and if enough of the committee mem-
bers attended they would have a meeting of the committee at
that time.  Pursuant to this notice there appeared at Wayne,
the county seat of the county, on the 2nd day of October
seven regularly elected members of the committee.  One A. G.
Holt also presented himself and claimed the right to sit as
a member of the committee because of a proxy which he held
regularly executed by one of the regularly elected members
who was absent on this occasion.  Five of the regularly elected
members, together with said Holt, holding the proxy afore-
said, desired to hold a meeting as contemplated by the chair-
man's notice, and they called upon the chairman and the
other two members of the committee who were present to
meet with them in accordance with that notice.  For some
reason, not disclosed by the record, the chairman and the
other two members did not desire to have a meeting of the
committee and refused to attend any meeting with the other
members.  It appears that one member of the committee who
had been regularly elected theretofore as such had moved
from the county sometime before the date of this meeting, but
his office as committeeman had never been declared vacant
by any formal action taken by the committee at one of its
meetings.  Five regularly elected members of the committee
together with Holt, holding the proxy aforesaid, met, and
acting on the assumption that the committee was only com-
posed of eleven members because of the removal of the mem-
ber above referred to from the county, they held that a quorum
was present for the transaction of business.  They thereupon
elected a resident of the district to which the removed mem-

ber belonged as a member of the committee to fill the vacancy, and the party thus elected appeared and sat with them in the committee. It will thus be seen that five members of the committee were present who had been regularly elected, and whose title to the office is not challenged, one holding the proxy of another regularly elected member, and another claiming the right to sit as a committeeman because of his election to fill a vacancy caused by the removal from the county of a regularly elected committeeman. As thus constituted they again called upon the chairman and the other two members who were present in the town to meet with them for the purpose of making up a list of election officers to represent the Republican party at the election aforesaid, and upon the refusal of the chairman and the other two members to meet with them they proceeded themselves to make up said list, and having made it up certified it to the county court over the signatures of all seven of the members, one of them acting as chairman *pro tem,* and another as secretary. On the same day that this list was presented to the county court the chairman of the committee also certified a list of election officers to the said court to represent the Republican party at said election, claiming that he had the authority to do so because of the fact that the committee had had no regular meeting, and had not acted in that behalf. The county court appointed the list certified by the chairman and rejected the list certified by the committee composed of the seven members made up as aforesaid, and this writ is asked to compel the county court to appoint the list presented by the committee as made up of these seven members or parties purporting to act as members.

A contention is made that the writ should not go for the reason that there never was a quorum of the committee present at any time at which the list of election officers was prepared and certified. It is insisted that a regularly elected committeeman could not be represented by proxy, and that whether a member of the committee had moved from the county or not, this matter could only be determined by a

quorum of the full committee and his successor elected after his office had been lawfully declared vacant.

May a member of the executive committee of a political party be represented at a meeting by a proxy? Evidence is taken upon this hearing to show that it has been the uniform practice of the Republican party for many, many years to recognize these proxies at meetings of the state committee, and county and other committees. This was the practice at the time the statute first recognized political committees and provided for their election. The legislature, no doubt, knew of this practice at the time it passed the law, and made no provision to the contrary. Since the statute was passed recognizing political committees, it is shown by the evidence that the practice still obtains, at least so far as the Republican party is concerned, and no act has been passed by the legislature prohibiting it. We are not disposed to hold that a member may not be represented by his proxy when the practice is of such long standing, and of such universal recognition.

The next question is, whether or not the committeeman elected to fill the vacancy on this occasion could sit with the six members present and transact the business of the committee. It may be that his title to the office could not be sustained in a direct proceeding against him to remove him therefrom. As to this we make no inquiry. If he was a *de facto* officer, his acts, so far as the public and third parties are concerned, are just as valid as though he were an officer by right. *Franklin* v. *County Court,* 86 W. Va. 479. As to whether or not the six members present were correct in their determination that there was a vacancy because of the removal of one member from the county, we need not inquire. They acted upon that belief, and they elected a man to fill that vacancy. The party thus elected sat with them and acted as a member of the committee. Clearly under the decision above cited he was a *de facto* officer, and his acts valid and binding. This leads us to the conclusion that the list which the relators ask that the county court be compelled to appoint was properly certified, and that the chairman as such

had no right on his own responsibility to disregard the will of the committee and certify a list, nor had the county court any power or authority to disregard the list certified by the seven members aforesaid and appoint that presented by the county chairman, which did not even purport to be the action of the committee, but his own individual action.

It follows, therefore, that the writ of mandamus prayed for will be awarded.

*Writ awarded*