D. EARL BRAWLEY *et al.* *v.* THE COUNTY COURT OF KANAWHA COUNTY *et al.*

(No. 8424)

Submitted May 6, 1936. Decided May 7, 1936.

MAXWELL and KENNA, JUDGES, dissenting.

*L. E. Given* and *D. W. Taylor,* for plaintiffs in error.
*Dale G. Casto* and *John E. Amos,* for defendants in error.

LITZ, JUDGE:

This is a writ of error to a judgment of the circuit court of Kanawha County, awarding a writ of mandamus against the county court of said county, and the members thereof, for the appointment of Democratic election officers (consisting of commissioners of election and poll clerks)· for the general primary election of May 12, 1936.

Chapter 3, article 4, section 15, Code 1931, requires the county court of every county to appoint on the second Tuesday of the month preceding any primary election a list of election commissioners and poll clerks selected by the county executive committee of each of the two political parties casting the highest and next highest number of votes in the county at the last general election and certified in writing under the signatures of the committee members or the chairman or secretary of the committee on its behalf.

At a called meeting of the Kanawha County Democratic Executive Committee, April 11, 1936, the. following resolution was adopted: "BE IT RESOLVED: That the Chairman and Secretary of this committee do certify to the County Court of Kanawha County, the list of clerks and commissioners for the primary election to be held on the 12th day of May, 1936, recommended and agreed on by the Committee-man and Committee-woman

in their respective wards and districts; and in the event the committee-man and committee-woman do not agree on the commissioners and clerks to serve in any or all of the precincts of their respective wards and districts at such primary election, then the committee-man and committee-woman shall each be entitled to name one-half of the officials in each precinct if possible, or ward or district prepare and submit a separate list of such half at such election officials for each precinct in his or her ward or district; which two lists, when submitted to the chairman or secretary of this committee, shall both be combined and certified to said County Court by the Chairman of this committee as the list selected by this committee; but whether or not the committee man and woman, agree to the list, in no event shall any list submitted by a committee-man or committee-woman, or both, be changed in any way before the same is forwarded to the County Court."

Pursuant to said resolution, the committeeman and committeewoman of each district and ward in the county, except Union, Malden and Washington Districts and the First, Third, Fifth and Ninth wards in the City of Charleston, agreed upon a list of election officers to be filed with the chairman of the committee; but the committeemen and committeewomen in the designated districts and wards being unable to agree, each of them presented to the chairman or the county court a complete list of officers. Thereupon, the chairman prepared and certified to the county court a full list of Democratic election officers for all the precincts of the county. This list contained the names agreed upon by committeemen and committeewomen in the districts and wards other than Union, Malden and Washington Districts and the First, Third, Fifth and Ninth wards in the City of Charleston and names from the double lists presented by the committeemen and committeewomen of Union, Malden and Washington Districts and the First, Third, Fifth and Ninth wards of the City of Charleston. Upon protest by members of the committee (based upon the claim

that the chairman, in certifying the proposed names from Union, Malden and Washington Districts and the First, Third, Fifth and Ninth wards in the City of Charleston, had exceeded the authority conferred upon him by the committee under the resolution of April 11, 1936), the county court rejected the list of names certified by the chairman from Union, Malden and Washington Districts and First, Third, Fifth and Ninth wards in the City of Charleston and substituted in lieu thereof names of its own choosing from the lists submitted to it by the chairman, committeemen and committeewomen. Thereafter, upon petition of the chairman and certain Democratic candidates for nomination in said primary election, the circuit court of Kanawha County awarded a writ of mandamus against the county court, and the members thereof, commanding them to appoint Democratic election officers for the districts and wards in question upon a basis designed to afford each committeeman and committeewoman therein an equal voice in their selection.

This writ of error was awarded at the instance of the relators upon the theory that the circuit court should have required the county court to adopt in full the list as certified by the Democratic County Chairman. Respondents have cross-assigned error on the ground that the list presented by the chairman was unauthorized by the county committee, and that the action of the county court for that reason was fully justified by the statute. The basic contention of relators is that the county court was without jurisdiction to inquire into the question as to whether or not the chairman in certifying the list was acting under authority conferred upon him by the committee. Respondents dispute this proposition, and insist that the certificate of the chairman is not a verity, barring inquiry by the county court into his authority.

The plain purpose of the statute which requires (1) the list to be selected by the committee, and (2) certified to the county court in writing under the signatures of its members or the chairman or secretary in its behalf

is to afford party representation, through the committee, at the polls. With this object in view, it certainly cannot be said that the legislature contemplated that a certification under the signature of the chairman or secretary was conclusive of the fact that the list certified by him had been selected or authorized by the committee. The certificate of the chairman has no more dignity under the statute than that of the secretary. In *Franklin* v. *County Court*, 86 W. Va. 479, 103 S. E. 330 (an original proceeding in mandamus), this court interpreted and applied the statute in holding that the will and authority of the committee shall prevail. In that case, the county court of McDowell County had accepted a list certified by McGinnis Hatfield as chairman of the Republican County Executive Committee. The relators therein, representing a competing Republican faction in the county, sought to compel the county court to reject the list submitted by Hatfield and accept a list which they claimed to have been authorized by the committee. In the opinion, it is stated: "Validity of these proceedings (under which the relators claimed to represent the committee) is essential to relief sought by the relators. If the list presented by McGinnis Hatfield was legally authorized, the respondents (the county court and members thereof) had a clear and undoubted right to adopt it. If it was not and the one presented by the relators was also unauthorized, the respondents could make their own selections of election officers from members of the party." In *State* v. *Wayne County Court*, 92 W. Va. 67, 114 S. E. 517, involving the validity of a list of election officers certified to the county court by the chairman of the Republican County Executive Committee of Wayne County, the court said: "This leads us to the conclusion that the list which the relator asks that the county court be compelled to appoint was properly certified, and that *the chairman as such had no right on his own responsibility to disregard the will of the committee and certify a list, * * *.*" In *State* v. *Wayne County Court*, 92 W. Va. 71, 114 S. E. 509, involving the authority of the

chairman of the Democratic County Executive Committee of Wayne County to submit to the county court a list of election officers, the court said: "The county executive committee represents the party in the county and it has the right under the law to name the persons who will represent the party at each of the election precincts on election day, and when that committee does name the representatives of its party it is the duty of those in whom is vested the power of appointment to appoint the parties so selected, unless for some reason the parties named, or some of them, do not possess the qualifications required." It will be observed in this case that the chairman of the committee was prohibited by the resolution of the committee to change "in any way" the lists submitted by the committeemen and committeewomen. In other words, the committee by the resolution, selected the chairman merely as a conduit through whom the lists submitted by the committeemen and committeewomen should pass to the county court and did not confer upon him any authority to prepare a list of his own selection in any case in which the committeeman and committeewoman did not agree.

Being, therefore, of opinion that the chairman of the committee had not been authorized by it to select any of the election officers in question, the judgment of the circuit court is reversed and the proceeding dismissed.

*Reversed and dismissed.*

KENNA, JUDGE, dissenting:

In my opinion, the County Court of Kanawha County had no right whatsoever to go behind the list of election officers certified to it over the signature of the Chairman of the Democratic County Executive Committee and to determine upon a mere verbal protest of individual members of that committee, and without hearing, that the act of the chairman in certifying the list was partly void and partly valid. Under Code, 3-4-15, if, prior to or during the session of the county court at which the election officers for the primary election are appointed,

a writing signed by the members of the County Executive Committee or by its chairman or its secretary, on its behalf, and requesting the appointment of a commissioner and a poll clerk at each voting precinct of the county, is filed with the county court, it becomes the duty of the county court to appoint the persons named in the list, if such persons are qualified to act. This duty is, I think, purely ministerial and the county court has no right whatever to make judicial or quasi-judicial findings in connection with it, beyond those involved in and indispensable to the performance of its ministerial functions. Of course, the performance of any ministerial function requires the ascertainment by the acting officer or tribunal of the facts giving rise to the necessity of the action to be performed. The signing of bills of exception, the recordation of a deed, or any other ministerial act must be based upon the existence of the conditions requiring the act to be performed, and consequently the acting officer or tribunal must, of course, in the first instance, ascertain such conditions to exist. But, under the law of this state, as well as under preponderating general authority, the duty to ascertain the existence of such preliminary circumstances does not prevent the act itself from being a ministerial act. See Merrill on Mandamus, page 47, paragraph 44, *et seq.* In any case, our statute makes mandamus the proper remedy in election cases, whether the function involved be ministerial or not. *Roberts* v. *Paul,* 50 W. Va. 528, 40 S. E. 470.

In this case, there was but one list filed before the county court. It was entirely regular upon its face and it was signed by the chairman on behalf of the committee. Its genuineness was not questioned. But the county court, acting *ex parte* upon the protest of certain members of the county committee, proceeded to inquire into the conduct of the committee's business, to interpret the resolution passed by the committee, to hold that the chairman of the committee, in certain instances, had departed from the terms of the resolution in making up

the list of election officers and, in those instances, proceeded to name persons of its own selection. There is nothing in this record showing that the chairman of the committee was given an opportunity before the county court to explain his position, and there is nothing to show how the copy of the resolution that the county court acted upon came to be before it. The County Court of Kanawha County is not a judicial body. There is no statute giving it the right to review the action of political party committees, and our decisions are, without exception, to the effect that, independent of statute, even courts of record are possessed of no such authority. *Kump* v. *McDonald,* 64 W. Va. 323, 61 S. E. 909; *Republican Executive Committee* v. *County Court,* 68 W. Va. 113, 69 S. E. 522; *Boggess* v. *Buxton,* 67 W. Va. 679, 69 S. E. 367; *Smith* v. *County Court,* 78 W. Va. 168, 88 S. E. 662, 20 A. L. R. 1030.

The county court had before it one genuine list of election officers, properly certified to it as prescribed by statute, and filed with it within the time named in the statute. It was its plain ministerial duty to appoint those named in the list, and any disputes concerning the list, beyond those required to be decided in order that the court might perform its purely ministerial function, could not be tried in that tribunal.

Of course, this is not to say that there is no remedy. To the contrary, in the event that there should be a dispute concerning the proceeding in the committee authorizing and leading up to the compiling and filing of the list of election officers, such a dispute is reviewable first of all in the party's own higher tribunal. Under the cases herein cited, the remedy within the party would be exclusive and the courts would have no authority to intervene were it not for the fact that the statute confers that authority upon them. Code, 3-5-41, confers the remedy of mandamus to compel the performance of any duties required by that chapter to be performed, and Code, 3-4-25, provides expressly that any act of a political party executive committee in the discharge of any

of the duties imposed by that chapter, may be reviewed in the circuit court of the county, with the right of appeal to the Supreme Court of Appeals. Neither of these sections, nor any other, gives to the county court the right to review the acts of political party executive committees, and such action under our decisions, as already pointed out, is not reviewable by any court, in the absence of statute. *Smith* v. *County Court,* 78 W. Va. 168, 88 S. E. 662, Pt. 4, Syllabus, 20 A. L. R. 1030. Such a statutory remedy where prescribed would necessarily be exclusive. *Doran* v. *Whyte,* 75 W. Va. 368, 83 S. E. 1025. There is no power in the county court to review the action of the county executive committee in passing the resolution copied into this record, and of the chairman in filing the list of election officers pursuant to that resolution. Such a power exercised by a county court in a primary election, cannot be distinguished from the same power exercised by the same tribunal in a general election. To hold that a county court in a general election may review the action of a county executive committee of a political party in causing names to be certified for appointment as election officials, gives that county court, a non-judicial body, the power to make decisions overriding the will of the political parties as expressed by their executive committees. A county court could arbitrarily appoint election officers for the opposing political party in the general election. To do so under the statute as applied in the majority opinion, all that a county court would have to do would be to find some fault with the list of election officers filed by the county executive committee of the opposing political party, discard it, and proceed to make selections of its own. This, certainly, is not the sort of power of decision that the law intends to rest in a non-judicial body. Certainly, it is not the kind of power that should be exercised arbitrarily and without a hearing.