STATE *ex rel.* G. C. ROBERTSON, *Chairman, etc., et al.*

*v.*

THE COUNTY COURT OF KANAWHA COUNTY,

WEST VIRGINIA, *et al.*

(No. 10070)

Submitted April 26, 1948. Decided June 8, 1948.

RILEY, PRESIDENT, and FOX, JUDGE, not participating.

*H. D. Rollins, H. E. Dillon, Jr.,* and *John J. Lane,* for petitioners.

*John J. D. Preston, Charles M. Love, Dale G. Casto, Vincent V. Chaney,* for respondents.

LOVINS, JUDGE:

By this original proceeding in mandamus, G. C. Robertson, Chairman, and thirty-three of the fifty-four members of the Democratic Executive Committee of Kanawha

County, West Virginia, seek to compel the county court of said county, its president, members and clerk, to appoint certain persons as commissioners of election and poll clerks for the primary election to be held on May 11, 1948.

At a meeting of the Democratic Executive Committee of Kanawha County, West Virginia, hereinafter called "committee", held on March 24, 1948, a resolution was adopted which, in substance, required the several committeemen and committeewomen from the various districts and wards in Kanawha County and the City of Charleston, to submit on or before April 1, 1948, to G. C. Robertson, chairman of the committee, a list of persons to be appointed as commissioners of election and poll clerks for the above-mentioned primary election. Thereupon the committee adjourned until April 5, 1948.

At the meeting on April 5, 1948, the committee adopted a resolution, by a substantial majority, the pertinent portion of which reads as follows: "BE IT RESOLVED, by this Committee that in the interest of all candidates in the Primary Election of May 11, 1948, the chairman of this Committee be hereby empowered and authorized to fill any vacancies and to make any changes or replacements as to any election officials designated or named by this Committee to serve at said primary, so that an impartial election board will be in each precinct at said primary, and the action of the said Chairman in this respect shall be conclusive and final, * * *."

The chairman of the committee, acting under the authority of the above resolution made up the written list of persons to be so appointed as commissioners of election and poll clerks, which list was compiled from the several lists submitted by the committeemen and committeewomen, and from other sources. On April 13, 1948, the chairman certified over his signature the list so made as being on behalf of said committee, such list being signed also by the vice-chairman and the secretary of the committee. The certificate was thereafter corrected to show,

in effect, that the list was prepared by the chairman and submitted pursuant to the resolution quoted above.

The County Court of Kanawha County, West Virginia, to be hereinafter referred to as "county court", on or about April 17, 1948, entered an order requiring the chairman of the committee to appear and explain the changes made by him, such action having been prompted by affidavits of ten members of the committee to the effect that the list presented by the various committee members had been changed by the chairman of the committee. In obedience to the order, the chairman appeared before the county court on April 19, 1948. On that day, Robertson and one other witness testified with respect to the list of names submitted by the chairman to the county court. From the testimony and exhibits filed at such hearing, it is clear that the committee as a whole at no time prior thereto had requested the appointment of any qualified voter as commissioner of election or poll clerk, nor had the committee voted upon persons named in any list. It is a reasonable inference from the record presented herein that the only question submitted to the committee as a whole for a vote was the adoption of the resolutions. This inference is strengthened by the admissions of counsel in oral argument in that respect. As far as we are able to ascertain from the record before us, the lists prepared by the various committeemen and committeewomen had been submitted to the chairman and he, acting under the purported authority conferred on him by the resolution, had made such changes, substitutions and original appointments as he saw fit. It is reasonable to assume that the lists presented by the ward and district committeemen and committeewomen pertained only to their respective wards and districts.

During that hearing counsel for relators advised the county court that a meeting of the committee was to be held on April 22, 1948, at eight-thirty p. m., and requested the county court to withhold its appointment of election commissioners and poll clerks. During such hearing there was also presented to the county court a writing, signed

by all the individual relators herein, except G. C. Robertson, designating themselves as members of the committee, and requesting that the county court appoint each and every person named in the list submitted by G. C. Robertson.

On the following day, the county court entered an order finding: "* * * that the list for election officials signed Dr. G. C. Robertson, Chairman, et als., heretofore tendered to the Court on the 13th day of April, 1948, * * * was not legally selected by said Committee and was not legally and properly tendered to this Court on behalf of said Committee." The same order further found and ordered: "* * * the Kanawha County Democratic Executive Committee not having presented to the Court any legal and proper list of the names of persons to serve as commissioners of election and poll clerks, the Court proceeded to appoint the election officials to serve for the Democratic Party at the primary election to be held on the 11th day of May, 1948, * * *." The petition alleges that the persons so appointed by the county court were named on lists submitted by a minority of the committee, consisting of ten members, or less than one-fifth thereof.

Counsel for relators objected to the action of the county court, and the county court, having overruled the objection, adjourned "sine die".

After due notice, the committee met on April 22, 1948, and by appropriate resolution ratified and confirmed the actions of G. C. Robertson, its chairman, in making up and submitting the list of persons to be appointed as commissioners and poll clerks pursuant to the resolution hereinabove quoted. A copy of the minutes of the meeting of April 22, 1948, was presented at the office of the county court, and request was made that said court call a special session for the purpose of appointing the persons named in the list submitted by the chairman of the committee, which had been approved and confirmed as above stated. It is alleged that the county court refused to accede to that request or to consider the list.

The system of primary and general elections is entirely

statutory, and we can find no determinative principle in the common law applicable to this controversy. We must rely entirely on the Constitution and the applicable statutes. 18 Am. Jur., Elections, Sections 2 and 6.

The extent to which courts will supervise intra-party affairs has been determined by the decisions of this Court. In the case of *Smith* v. *County Court*, 78 W. Va. 168, 88 S. E. 662, it was held that the rights of members of a political party are to be determined by the rules and regulations within the party and by the party tribunals; and that, in the absence of fraud or violation of a statute or policy of law, the rights so determined by the party tribunal would be vindicated and upheld by the courts. "In the absence of statute, courts do not exercise jurisdiction to interfere or control in matters purely political, pertaining to the management and proceedings of a political party." *Reynolds* v. *Fielder*, 110 W. Va. 240, 157 S. E. 597; *Boggess* v. *Buxton*, 67 W. Va. 679, 69 S. E. 367.

But in this instance, the legislature has devolved upon the county executive committees of political parties the right to request the appointment of members of their party as commissioners of election and poll clerks. It is this statutory right which relators seek to enforce by this mandamus proceeding, which is the appropriate remedy. Code, 3-5-41.

The pertinent part of the statute conferring the right here asserted by relators reads as follows: "The county court of every county shall hold a regular or special session at the courthouse of the county on the second Tuesday of the month preceding that in which any primary election is to be held, and shall appoint for each precinct in the county three commissioners of election and two poll clerks, who shall be legal voters in the magisterial district in which such precinct is located. * * * If, at any time prior to or during such session, the county executive committee of either political party from which such commissioners of election and poll clerks are to be selected or appointed, as herein provided, shall present to such court a writing signed by them, or by the chairman or secretary

of such committee on their behalf, requesting the appointment of a qualified voter of their political party, for commissioner and/or poll clerk, who is otherwise qualified to act as such under the provisions of this chapter, it shall be the duty of the county court to appoint the person so named in such writing as such commissioner and/or poll clerk. * * *." Code, 3-4-15, as amended.

It will be observed that the power of appointment of commissioners of election and poll clerks is reposed by statute exclusively in the county court. But that power is subject to the right of the executive committee of either political party qualified under Code, 3-4-15, to request the appointment of certain persons in which event the appointment so requested must be made by the county court.

Considering Code, 3-4-15, as amended, alone, we are of the opinion that there is little doubt that the legislature contemplated that only a party executive committee, acting as a whole, and as an entity, could avail itself of the rights authorized thereby. According to the terms thereof, the chairman or secretary of the committee may sign the writing containing the request for such appointments of commissioners of election and poll clerks in behalf of the committee, or the members of the committee as an entity may sign the writing. But in either event the writing must reflect the action of the committee as a whole, rather than the action of one member, or any limited group of members, of the committee. This Court has held that a chairman of a political executive committee may not act alone, and without authority from the committee as a whole, in making such request. *State* v. *Wayne County Court*, 92 W. Va. 67, 70, 114, S. E. 517; *State* v. *County Court*, 92 W. Va. 71, 114 S. E. 509; *Brawley* v. *County Court*, 117 W. Va. 421, 187 S. E. 328; *Gainer* v. *County Court*, 120 W. Va. 409, 199 S. E. 878. This is not to say that on proper action taken by the committee, the majority should not control, for thereby the majority reflects the action of the committee as a body. *State* v. *County Court*, 92 W. Va. 71, 114 S. E. 509. But without such action by the committee as such, no single member

or limited group of members can act on behalf of the committee; and the county court can go behind the certificate of the chairman of the committee to ascertain if his certificate actually reflects the action of the committee as a body. *Brawley* v. *County Court, supra.*

However, such doubt as may exist as to the proper application of Code, 3-4-15, as amended, is fully resolved by the application of Code, 3-3-4. While Code, 3-3-4, authorizes a party executive committee to delegate to subcommittees the executive and administrative work of the committee, it specifically prohibits the delegation of "* * * any powers or authority * * * in contravention of any law of the State."

This prohibition, now contained in Code, 3-3-4, is derived from a statute which formerly read: "* * * but no such central committee or sub-committee shall be competent to discharge any duties devolved by this chapter on any political party committee, or the members thereof." Section 27, Chapter 26, Acts of the Legislature, Regular Session, 1915. It is to be noted that under the provisions of Section 27, Chapter 26, *id.,* the prohibition applied only to the *"duties"* of the committee and its members, but the present statute is of wider application, and prohibits the delegation of *"powers and authority."*

The powers and authority of a county executive committee now conferred by Code, 3-4-15, as amended, are substantially the same as those conferred by Section 4, Chapter 26, Acts of the Legislature, Regular Session, 1915. They were then, and are now, optional rights of the committee, rather than duties. We think the change in the statute, with respect to the right to delegate functions of the committee, so as to prohibit the delegation of powers and authority of the committee is significant and evinces a legislative intent to prohibit the delegation of such rights as are conferred upon the committee by Code, 3-4-15, as amended.

Furthermore, we think it would be futile for the legislature to provide for the election of members of a political party county executive committee which has the

power to exercise the rights conferred by Code, 3-4-15, as amended, and, at the same time, permit the delegation thereof to one individual. To permit such a delegation would render the committee so provided for by statute a non-entity. If such delegation be permitted, it would seriously impair the party's local self-government so obviously intended by the legislature.

For similar reasons, we do not consider the petition of the thirty-three individual relators, other than G. C. Robertson, presented to the county court on April 19, 1948, as having any bearing on the questions presented in this proceeding. That petition represented only the individual requests of thirty-three persons. It did not purport to represent the action of the committee as an entity.

In *Franklin* v. *County Court*, 86 W. Va. 479, 103 S. E. 330, it was held that a committee could revoke or rescind a prior request for appointment of persons as commissioners of election and poll clerks and make other requests which the appointing tribunal must accept. But that case specifically holds that such action must be done before the county court has acted upon the names contained in the request first presented to it. In the instant case, the county court acted on April 20, 1948, and thereupon adjourned *sine die*. Thus the attempted ratification by the committee on April 22, 1948, of the prior actions of its chairman was of no avail. Nor do we believe the county court was required to withhold its appointment of the commissioners of election and poll clerks pending the meeting of the committee on April 22, 1948. Such rights as the committee has pursuant to Code, 3-4-15, as amended, must be exercised by it in a proper manner "prior to or during" the session of the county court held for the purposes set forth in Code, 3-4-15, as amended.

The committee having failed to make a timely and legal request for appointment of commissioners of election and poll clerks, as required by statute, relators have failed to show a clear legal right to the relief sought by them. Accordingly, the writ prayed for is denied.

*Writ denied.*