P. B. Maynard and J. B. Porter

*v.*

John Layne, Walter Jude, Leonard Esteppe, Wallace Farley and P. B. Maynard *(Mayor)*, as Members of and Comprising the Council of the City of Williamson, West Virginia

(No. 10742)

*and*

John Layne

*v.*

Walter Jude, Leonard Esteppe, Wallace Farley, and P. B. Maynard *(Mayor)*, as Members of and Comprising The Council of the City of Williamson, West Virginia

(No. 10737)

Submitted March 24, 1955. Decided March 28, 1955.

*Bias & Bias, E. Gaujot Bias, Wade H. Bronson, Jr.,* ˙for plaintiffs in error.

*Harry W. Hill, Lafe P. Ward,* for defendants in error.

*H. G. Williamson,* for relator.

*Bias & Bias, E. Gaujot Bias, Wade H. Bronson, Jr.,* for respondents.

LOVINS, PRESIDENT:

This opinion states reasons for the actions of this Court in two proceedings in mandamus. One proceeding in mandamus was instituted by P. B. Maynard and J. B. Porter before the Judge of the Circuit Court of Mingo County in vacation. The relators in that proceeding are residents and citizens of the City of Williamson. Both are candidates for the office of mayor in said City in the primary election to be held therein on the 12th day of April, 1955. The defendants in the above proceeding are John Layne, Walter Jude, Leonard Esteppe, Wallace Farley, as members of the council of the City of Williamson.

The other is an original proceeding brought in this Court by John Layne, a candidate for the office of mayor of the City of Williamson at the municipal election to be held April 12, 1955 and is against Walter Jude, Leonard Esteppe,

Wallace Farley and P. B. Maynard (Mayor), as members of the council of the City of Williamson.

The precise question involved in both proceedings is: Whether it is the imperative duty of the council of the City of Williamson to appoint double election boards for all of the nine precincts of such city to hold the municipal primary election to be held therein, as above stated.

The proceeding instituted by P. B. Maynard et al. v. The Council of the City of Williamson, No. 10742, was commenced in the Circuit Court of Mingo County. The Judge of that Court issued a rule. Upon the return day of the rule, March 21, 1955, the Judge heard the proceeding and awarded a peremptory writ of mandamus requiring the defendants to appoint double election boards in all of the precincts of the City of Williamson for the municipal primary election to be held in such city on April 12, 1955; ordered that the Council of the City of Williamson should meet on the 22nd day of March, 1955, and adjourn from day to day until this Court decided the question arising in the original proceeding.

The defendants in the proceeding heretofore pending before the Judge of the Circuit Court of Mingo County applied for a writ of error from this Court, which was granted.

The parties in the proceeding of P. B. Maynard et al. v. Walter Jude et al., No. 10742 stipulated that the writ of error granted, as above stated, should be consolidated and heard with the original proceeding pending in this Court. This stipulation was approved by counsel for John Layne.

The original proceeding was heard upon the petition of relators; the answers and demurrer of the defendants; the stipulations of counsel and briefs and arguments of counsel for the relator, John Layne and the relators P. B. Maynard and J. B. Porter, as well as counsel for the defendants in both the proceedings.

There is no dispute in the facts presented by the records in both proceedings and no evidence was presented. It is

a question of law and as stated above, the questions in the proceeding in the Circuit Court and in this Court are the same.

The City of Williamson was incorporated by a special charter enacted by the Legislature, 1933, as Chapter 136, Acts of the Legislature, Regular Session, of that year. The special charter, so far as pertinent, provided that the city officers should be nominated by conventions and further provided that an election should be held on the first Tuesday in May, 1934 and on the first Tuesday in May of each third year thereafter; that the council should hold a meeting "* * *for the purpose of making all arrangements and preparations for the holding of such election * * *" and specifically provided as follows: "* * * And at such meeting the Council of the city shall appoint three qualified voters of the city as commissioners of election for each voting precinct in said city. * * *". The qualification of such commissioners paraphrases the general election law on that subject and provides for their appointment from lists presented by the city executive committees of the two political parties which cast the highest number of votes at the preceding regular election.

The next amendment to the charter of the City of Williamson will be found in Chapter 139, Acts of the Legislature, 1935, Regular Session. It is unnecessary to state the provisions of Chapter 139, id, so far as pertinent, as the provisions of that chapter coincide with Chapter 136, Acts of the Legislature, 1933, id.

Another amendment was adopted by the voters of the City of Williamson on May 2, 1939, under the provisions of the Home Rule Amendment. Such amendment provides for the nomination of city officials by a primary election. The last amendment further provides that "The Council shall have authority to provide all necessary and suitable means, equipment and appliances for the holding of all primary and general elections required for this City by its charter, as hereby amended, and may adopt all necessary rules, ordinances and regulations governing the

same as may appear proper. The primary and general elections for the said City herein provided for shall be held and conducted in all respects other than as specified by the Charter of said City as hereby amended as nearly as may be in conformity with the general laws of the State of West Virginia relating to primary and general elections respectively. (g) All provisions of the present charter of this City in conflict herewith are hereby repealed and amended to conform to the spirit and purpose of this amendement, and except insofar as so repealed or amended, all the provisions of the said present charter shall remain in full force and effect. The Council shall have authority, and it shall be its duty, to provide by proper ordinances for carrying into effect the spirit and purpose of this amendment." Primary Election Amendment to the City of Williamson, Section 13, subparagraphs (f) and (g).

The next action by the City of Williamson relating to election boards will be found in an ordinance passed by the Council of the City of Williamson on February 1, 1940. The ordinance above mentioned provides, among other things, for the appointment of double election boards in seven precincts of the city. It is appropriate to state at this point that there are now nine precincts in the City of Williamson having four hundred or more voters therein. The ordinance further provides, *inter alia,* that two boards, each consisting of three election commissioners and two clerks, to be designated as receiving board and counting board, should be appointed for the precincts of the city. The ordinance also provides in part for the procedure to be followed by the two boards. On March 11, 1955, the Council of the City of Williamson, by a majority of vote, refused to appoint double election boards to hold a primary election to be held in such city on April 12, 1955, and stated that no such boards would be appointed. These proceedings in mandamus followed.

We think there are two grounds, either of which would be sufficient for requiring the appointment of double election boards for all of the nine precincts in the City of

Williamson. The first ground rests on the words of the charter of that city, as amended. We think that the amendment made by the voters May 2, 1939, beyond per adventure authorizes and directs the appointment of election boards in accordance with the general laws of the State of West Virginia. We find nothing contrary in the charter as amended in 1939.

Section 15 of Chapter 60, Acts of the Legislature, 1945 provides in part: "That for every precinct in which there are three hundred but not more than four hundred registered voters, there *may* be two boards of election officers, and for all precincts in which there are more than four hundred registered voters, there *shall* be two boards of election officers, and where two boards are used, each board shall consist of three election commissioners and two poll clerks, one of which boards shall be designated the 'receiving board' and the other the 'counting board', * * *". [Emphasis supplied]. We think that the language above quoted is mandatory, as to the appointment of double election boards, assuming of course that the other provisions of the statute relative to the designation of persons to serve as election officers are met. See *Brawley v. County Court*, 117 W. Va. 421, 187 S. E. 328; *State ex rel. Forsythe, et al., etc. v. County Court of Cabell County*, 131 W. Va. 570, 48 S. E. 2d 412. Such duty may be enforced by mandamus. *State v. County Court*, 131 W. Va. 521, 48 S. E. 2d 345; *State v. County Court of Cabell County, supra*. Code 3-5-41 authorizes the issuance of a writ of mandamus to enforce the performance of that duty.

A question remains whether the same law with respect to designation of double election boards applicable to state and county elections also applies to the election of municipal officers held in the City of Williamson. We are mindful of the holding of this Court in *Hyre v. Brown*, 102 W. Va. 505, 135 S. E. 656, where the second point of the syllabus reads as follows: "A municipal corporation possesses and can exercise only the following powers: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted;". See

*State* v. *Partlow,* 133 W. Va. 139, 163, 55 S. E. 2d 401; *Hukle* v. *City of Huntington,* 134 W. Va. 249, 58 S. E. 2d 780.

We think that the ordinance passed by the Council of the City of Williamson on February 1, 1940, definitely fixes the duty of the present council to appoint double election boards in accordance with the state law. There is no allegation or showing that this ordinance has been repealed or modified. It is equivalent to a legislative act, applicable only to the City of Williamson. "Although an ordinance is not a law in every sense in which the term law is used in constitutions and statutes, as has frequently been declared by judicial decisions, it is nevertheless a local law of the municipality, emanating from its legislative authority, and operative within its restricted sphere as effectively as a general law of the sovereignty. Ordinance as a term of municipal law is the equivalent of legislative action, and hence, its employment in a constitution, statute or charter carries with it by natural, if not necessary implication, the usual incidents of such action." 2 Revised McQuillin Municipal Corporations, §662. The ordinance passed by the Council of the City of Williamson on February 1, 1940, is a valid exercise of the corporate powers granted by the charter, relating as it does to the appointment of double boards for the election precincts in that city. The Council of the City of Williamson is bound by it.

The charter of the municipality is analogous to the constitution of a higher sovereignty. 62 C.J.S. Municipal Corporations, §116.

The question here presented is similar to that presented in the case of *Lockhart* v. *Rogers,* 134 W. Va. 470, 61 S. E. 2d 258. In the *Lockhart* case, this Court applied a provision of general law relative to the nomination of elective officers of the City of Welch by petition, though the charter provides for nomination of such officers by convention.

In the instant case, there is no contrary or alternative provision in the Charter of the City of Williamson, as amended, relative to the appointment of double election

boards; but rather, there is an implied mandate in such Charter to utilize the provisions of the general election law relative to the appointment of double election boards for each precinct containing four hundred or more voters to hold primary elections in that municipality, as provided in the general election law.

Going to Section 15, Acts of the Legislature, 1945, Regular Session, Chapter 60, there is no doubt that it is the imperative duty of the Council of the City of Williamson to perform the duty enjoined upon it by the general statute.

But considering the above quoted provisions of the Charter of the City of Williamson as above cited, without any construction, contemporaneous or otherwise, there is no doubt but that such charter as amended in 1939, by plain intendment, makes the general election law of the State of West Virginia, concerning the appointment of double election boards applicable to elections held in the City of Williamson.

The charter provisions, plain as they are, are sufficient to authorize the granting of the writ. The authorized passage of the ordinance by the Council of the City of Williamson on February 1, 1940 is another reason. Either of such reasons suffices for granting the peremptory writ of mandamus in this proceeding. But, we choose to rest our actions on both reasons.

We therefore are of the opinion that the relators in the proceeding heard by the Judge of the Circuit Court of Mingo County had a clear legal right to the relief they sought in that proceeding and hence, the award of the peremptory writ of mandamus by the Judge of that Court, is affirmed.

We are likewise of the opinion that the relator in the original proceeding in this Court has a clear legal right to the relief he seeks and in accord with the foregoing, we award him a peremptory writ of mandamus as provided

in an order made by this Court on the 28th day of March, 1955.

*Judgment affirmed;*
*writ awarded.*