STATE EX REL. W. A. BELL, *Chairman,* REPUBLICAN
EXECUTIVE COMMITTEE OF CLAY COUNTY,
WEST VIRGINIA, *et al.*

v.

THE COUNTY COURT OF CLAY COUNTY,
WEST VIRGINIA, *et al.*

(No. 10821)

Submitted April 19, 1956.          Decided May 1, 1956.

*E. L. Eakle,* for relators.

*W. C. Price, Jr.,* for respondents.

LOVINS, JUDGE:

This Court, on the petition of the relators, granted a rule in mandamus requiring the defendants to show cause why a peremptory writ of mandamus should not be awarded against them, requiring them to set aside the appointment made by the defendants of republican election commissioners and poll clerks in all the precincts of Clay County, West Virginia, for the primary election to be held on May 8, 1956.

The Republican County Executive Committee of Clay County, West Virginia, seem to have a definite cleavage in its membership. One group will be hereinafter designated as the Coon Group and the other group will be designated as the Bell Group.

The County Court of Clay County accepted the recommendation of the Coon Group and made the appointments which the Bell Group complains of in this proceeding. Each group asserts that it is the regular Republican Executive Committee of Clay County.

At a meeting called by H. L. Coon, Jr., the then Chair-

man of the Republican Executive Committee of Clay County, and held on May 3, 1955, it was ascertained upon roll call that there were four members of the Committee present. J. B. Wheeler, a resident of the Town of Clay, presented the proxy of Mrs. Goldie Samples. Coon refused to recognize the proxy for the reason that Mrs. Goldie Samples was a committeewoman from Union District and J. B. Wheeler did not live in such district. He now testifies that it has been the practice of the Executive Committee to refuse to recognize a person as a proxy who resides in a magisterial district different from that from which the absent member giving the proxy was elected. H. L. Coon, Jr. further states that there being only four members present, the meeting was adjourned for lack of a quorum.

It is further shown that H. L. Coon, Jr. made an effort to draw from his pocket a paper which allegedly was the resignation of L. D. Hinkle, but was prevented from reading it to the assembly by LeMoyne Ward, the then secretary of the Committee. After this took place, Coon and Ward left but four members of the Committee remained. The four members of the Committee who remained, accepted the resignation of L. D. Hinkle, though the writing was still in the possession of Coon or Ward; and then elected Roscoe Samples in the place of Hinkle, and recognized the proxy given by Mrs. Goldie Samples to Wheeler who voted and acted as a member of the Committee. W. A. Bell was, by the persons there assembled, then allegedly elected as Chairman of the Republican Executive Committee of Clay County. The next meeting was held by the Coon Group on March 10, 1956. At that meeting, five members were present in person and Maysel Jarvis, a committeewoman from Otter District was present by a proxy given to C. W. Slack, making a total of at least five de jure members of the Committee and a de facto member present by proxy.

Hinkle was present at the March 10 meeting and voted as a member of the Committee. He now states that

he attempted to resign and offered his resignation at the May 3, 1955 meeting, but was dissuaded from so doing.

The Coon Group, as so constituted, recommended to the County Court the list of precinct election officers, thereafter approved by the County Court. This list was signed by H. H. Rogers, Orfa Schoonover, Ruth Hamrick, L. D. Hinkle, Roy Burnside, and C. W. Slack, proxy for Maysel Jarvis.

The Bell Group met on March 16th and recommended a list of precinct election officers which the County Court rejected. This recommendation was signed by W. A. Bell, as Chairman, Roscoe Samples, Hattie Summers, Goldie Samples, Orval Morton, Mark C. Young and Nettie Chapman and further signed by Mark C. Young as acting secretary.

It is to be noted that Bell was elected at the May 3, 1955 meeting as Chairman, but was not a member of the Committee; that Nettie Chapman was elected to the vacancy allegedly caused by the nonresidence of Maysel Jarvis at the May 3, 1955 meeting; and that Roscoe Samples was elected at the same meeting to fill the vacancy caused by Hinkle's alleged resignation. This being true, a preliminary question arises as to whether the May 3rd, 1955 meeting was a legal meeting of the Republican County Executive Committee of Clay County since two members of the Bell Group meeting March 16, 1956 derived their titles to the offices from the meeting of May 3, 1955.

The question of what number constitutes a quorum is thus presented, since the Clay County Republican Executive Committee is made up of ten members.

No rules adopted by the Republican Party, governing this question are presented. The statute authorizing the creation of the Republican County Executive Committee is likewise silent. We find no definition of the word "quorum" in the statute, nor any decision as applied to County Executive Committees of political parties. Nor

do we find in any applicable statute or decision of this Court a definition or statement as to the number that constitutes a quorum of a political county executive committee. In the case of *Seiler* v. *O'Maley* (Ky.) 227 S. W. 142, we find the following language:

> "The common-law rule as to what constitutes a quorum of a representative body consisting of a definite number of members is that a majority of the authorized membership shall constitute a quorum for the purpose of transacting business, but it is everywhere held and recognized that it is competent for the statute, or the Constitution, creating the particular body to prescribe the number of members that shall be necessary to constitute a quorum, or it may delegate to the created body the authority to so prescribe."

See Annotation 21 L.R.A., page 174 and Annotation 5-6 L.R.A., page 308.

We accept the rule that in this instance a majority of a political county executive committee is necessary to constitute a quorum.

Applying such rule to the meeting of May 3, 1955, a quorum was not present and the persons there present had no power nor authority to elect a chairman, to declare Maysel Jarvis' office vacant or to accept the unconsummated resignation of L. D. Hinkle. *Stowers* v. *Blackburn*, 141 W. Va. 328, 90 S. E. 2d 277.

The question, therefore, arises whether L. D. Hinkle and Maysel Jarvis, on March 10, 1956, were members of the Republican County Executive Committee of Clay County.

A minority of the Republican County Executive Committee of Clay County had no power nor authority to accept the resignation of L. D. Hinkle which had not been formally submitted. Hinkle revoked such resignation, or attempted so to do, in the absence of a formal submission of the same.

Relative to an unaccepted resignation, see *Edwards* v. *The United States,* 103 U. S. 471, 26 L. Ed., 314; *Coleman* v. *Sands* (Va.) 87, 689; *Warner* v. *Selectmen of Amherst* (Mass.) 95 N. E. 2d 180.

According to this record, the unsubmitted and unaccepted resignation of L. D. Hinkle was ineffective to vacate his office as a Member of the Republican County Executive Committee of Clay County, West Virginia. We reach the conclusion that he remains a member of such Committee.

Coming to the question of whether Maysel Jarvis remains a member of the Committee. We find proof in this record that she still has a home in the district from which she was elected and she testified that she is only residing in the State of Ohio temporarily. We therefore reach the conclusion that she is at least a *de facto* member of the Committee and that her action in giving her proxy is valid as to third persons. See *Franklin* v. *County Court,* 86 W. Va. 479, 103 S. E. 330. A proxy by member of a committee, recognized by the committee, is uniformly recognized by the councils of the Republican Party and will not be condemned since there is no legislative enactment prohibiting it. *Bailey* v. *County Court of Wayne County,* 92 W. Va. 67, 114 S. E. 517.

W. A. Bell and his associates are not entitled to substitute the names of persons recommended by them for appointment as precinct election officers in the stead of the persons recommended by the Coon Group at its meeting of March 10, 1956. *State ex rel. W. R. Wilson* v. *County Court of Wayne County,* 92 W. Va. 71, 114 S. E. 509. As to recognition and use of proxies being established by custom, see *Gainer* v. *County Court,* 120 W. Va. 409, 199 S. E. 898.

It is inescapable that there were six members of the Republican County Executive Committee present in person and proxy, with the Coon Group at the meeting held March 10, 1956. The Coon Group presented to the County Court a recommendation requesting the appointment

of one commissioner and one poll clerk for each precinct in the county. No question is raised as to the qualifications of the persons so recommended. Under the provisions of Chapter 62, Acts of the Legislature, 1955, Regular Session, the County Court had the power of appointment in the absence of a recommendation by the County Executive Committee of the Republican Party. But upon the presentation of a writing signed by the members of the Committee, the Chairman or Secretary of the Committee, the County Court was required to appoint as precinct election officials the persons so recommended. The Coon Group seem to have complied with the provisions of Chapter 62, *idem,* and the County Court, having accepted their recommendation, in accordance with the statute, should be sustained. *Robertson* v. *Kanawha County,* 131 W. Va. 521, 48 S. E. 2d 345; *Gainer* v. *County Court,* 120 W. Va. 409, 199 S. E. 878.

In accordance with the foregoing, the writ of mandamus prayed for by the relators is denied.

*Writh denied.*