STATE OF WEST VIRGINIA *ex rel.*, W. E. GOODWIN *et al.*

*v.*

THE COUNTY COURT OF PUTNAM COUNTY, A CORPORATION

HAROLD BROWN, ITS PRESIDENT *et al.*

(No. 12173)

Submitted April 25, 1962.        Decided April 27, 1962.

Written Opinion Filed May 22, 1962.

*Dean E. Lewis,* for relators.

*Clarence L. Watt,* Prosecuting Attorney, for respondents.

BERRY, JUDGE:

This Court, on the petition of the relators, granted a rule in mandamus requiring the respondents to show cause why a writ of mandamus should not be awarded against them requiring them to set aside the appointment made by the respondents of Democratic election commissioners and poll clerks in all the precincts of Putnam County, West Virginia, for the primary election to be held on May 8, 1962.

The Democratic County Executive Committee of Putnam County, West Virginia, has been subjected to a factional split among its members. One group or faction to which the petitioners belong attempted to elect John T. Westfall as chairman at a meeting attended by the eight petitioners on January 29, 1962. The other group, consisting of five members, are affiliated with Dorsel E. Smith, who was the duly elected chairman of the Democratic Executive Committee for Putnam County. Both Westfall and Smith submitted lists of Democratic election officers for the various precincts to the County Court of Putnam County, the respondents herein, at a meeting of said Court on the fifth Tuesday before the primary election held on May 8, 1962, the date fixed by law for such purpose. Code, 3-4-15. The respondents accepted and adopted the list submitted by Dorsel E. Smith, as chairman of the Democratic Executive Committee of Putnam County.

Upon application to this Court by petitioners for a writ of mandamus under the original jurisdiction of this Court to require the respondents to accept the list of election officers

submitted by them, a rule was granted on April 9, 1962, returnable to April 17, 1962. A continuance to April 24, 1962 was granted in order to allow the taking of depositions at which time answer of the respondents and depositions were filed and the case was submitted to the Court for decision on argument and briefs.

By order entered April 27, 1962, this Court held that the petitioners herein were not entitled to a writ of mandamus as prayed for and refused to award such writ and discharged the rule. This opinion has been prepared and filed for the purpose of stating the reason for the Court's denial of the writ as prayed for by the petitioners.

The petitioners base their right for a writ of mandamus in this proceeding on the ground, alleged in the petition, that at a duly constituted meeting of the Putnam County Democratic Executive Committee, held on the 26th day of March, 1962, a selection and list was made of persons to serve as Democratic election officers at the primary election to be held in said county on May 8, 1962, that the petitioners constituted a majority of said committee and that all of them were present at said meeting; that they prepared and unanimously approved the written list of qualified persons to serve as election officers on behalf of the Democratic party in each precinct in Putnam County, West Virginia, which was presented to the county court on or before the fifth Tuesday before the primary election requesting such appointments and was refused by the respondents.

The controlling question to be answered in the disposition of this case is whether the meeting held by the petitioners on March 26, 1962, was a legal meeting of the Democratic Executive Committee of Putnam County. *State ex rel. Bell* v. *County Court of Clay County,* 141 W. Va. 685, 92 S. E. 2d 449.

As a general rule courts will not interfere in intra-party disputes, but leave their settlement to methods used and adopted by the party. However, where two lists of election officers are submitted to a county court for approval, the court may go behind the certification of a county chairman in order to ascertain whether or not the list submitted by

him for approval represents the action of the county committee as an entity or unit, as required by law. *Brawley v. County Court of Kanawha County*, 117 W. Va. 421, 187 S. E. 328; *State ex rel. Robertson v. County Court of Kanawha County*, 131 W. Va. 521, 48 S. E. 2d 345. For the same reason the court may go behind the purported certification of the committee, or the members thereof, in order to ascertain if the committee or members thereof acted as a whole or entity in a legally organized manner at the time of the action in question. *Franklin v. County Court of McDowell County*, 86 W. Va. 479, 103 S. E. 330; *State ex rel. Bell v. County Court of Clay County*, 141 W. Va. 685, 92 S. E. 2d 449. This procedure is necessary in order to ascertain if the list or lists submitted are proper and meet the requirements of the law made and provided for such matter. Code, 3-4-15. If one of the lists meets the requirements of law the county court shall appoint the election officers so requested on such list, but if neither list is proper nor legal, the county court should refuse both lists and appoint qualified persons of its own selection to serve as election officers. *State ex rel. Evans v. Kennedy*, 145 W. Va. 208, 115 S. E. 2d 73.

It might be well to point out that both the list submitted by the Westfall group and that submitted by the Smith group requested the appointment of two commissioners for each board instead of one, as provided by Code, 3-4-15. However, this in itself would not vitiate either list, as the county court could make the appointment of one commissioner as provided by the statute. *State ex rel. Bullard v. County Court of Clay County*, 141 W. Va. 675, 92 S. E. 2d 452.

It should be noted that the Westfall group claims to have eight members of the Democratic Executive Committee of Putnam County in their group, while the Smith group claims to have five members in their group, making a total of thirteen members in the Democratic Executive Committee of Putnam County, when the total number provided for by law is twelve. This situation developed as a result of a meeting held by the Westfall group on January 29, 1962. Four members of the Democratic Executive Committee of Putnam County attempted to call this meeting under the provisions

of the "Rules and Regulations for the Government of the Democratic Party in West Virginia". In order to conduct a legal meeting of the Democratic Executive Committee of Putnam County, or of any other county in the state, Rules and Regulations for the Government of the Democratic Party in West Virginia, a copy of which was filed as an exhibit with the evidence in this case, must be complied with. Otherwise, the meeting or meetings are illegal, and any business or action taken at such meetings is null and void. See *State ex rel. Robertson* v. *County Court of Kanawha County,* 131 W. Va. 521, 48 S. E. 2d 345; *State ex rel. Smith* v. *Bosworth,* 145 W. Va. 753, 117 S. E. 2d 610.

Article VI, Section 5 of the Rules and Regulations for the Government of the Democratic Party in West Virginia provides: "All meetings of the County Executive Committee shall be called by the chairman thereof, or such other officer as may be acting in his place, and such committee shall meet at such time and place as the chairman may appoint. Notice of all meetings shall be given to each member of such committee * * * .

"The chairman shall at all times, upon the request in writing of one-third or more members of such committee, issue a call appointing the time and place for holding a meeting of such committee for the purpose of transacting the business proposed in such call, and if the chairman should, for any reason fail or refuse the request to call a meeting of such committee, the aforesaid one-third or more members thereof requesting may, in writing over their own signature, call a meeting of such committee upon mailing all members thereof a copy of such notice or call * * *."

Section 2 of Article IX also provides that where no time or method is fixed for calling meetings all calls shall be made by the chairman, and if he fails or refuses to call any meeting, one-third of the duly elected members of the committee may issue a call over their signatures, and notice shall be sent out by the recording secretary of the executive committee.

The record in this case, exhibits number 1 and number 3, show that four members of the executive committee, namely

Leona Goddard, W. E. Goodwin, Rachel H. Bailey and W. F. Van Dyke sent a request to the chairman, Dorsel E. Smith, to call a meeting on or before January 29, 1962, for the purpose of filling a vacancy on the committee, and to vacate and fill any other office deemed necessary, and also on the same day sent a notice calling a meeting of the committee for January 29, 1962 for the same purpose. These notices were received by Dorsel E. Smith on January 23, but the notice attempting to call a meeting of the committee was not sent to all the members of the executive committee, as required by the Rules and Regulations for the Government of the Democratic Party, because the evidence indicates that Mrs. Priscilla Clevenger, a duly elected member of the committee from Union District and secretary of the committee, was temporarily at Fort Sill, Oklahoma and she was not sent nor did she receive a notice. The record indicates by respondents' exhibit number 2 that on January 24, 1962, Dorsel E. Smith, in compliance with the request of the four members of the committee which was received by him the day before, January 23, 1962, called a meeting of the Putnam County Democratic Executive Committee to be held on February 14, 1962, at 7:30 p.m. at the courthouse annex, Winfield, West Virginia. Notwithstanding the meeting to be held February 14, 1962, called by the duly elected chairman at the request of one-third of the members of the executive committee in accordance with the Rules and Regulations for the Government of the Democratic Party in West Virginia, and in advance of Chairman Smith's date, seven members of the executive committee met on January 29, 1962, at the Putnam County Court House at Winfield pursuant to the meeting "called" by four members of the committee. This date of January 29, 1962, was the same date which the four members had picked in requesting the duly elected chairman to call a meeting of the committee. In other words, after requesting the chairman to call a meeting, which he promptly did, although on a different date than the one set by them, the four ignored his action and held their own meeting ahead of the chairman's date as they had planned.

At this meeting, on January 29, 1962, at 7:30 p.m., the

seven members proceeded to declare a vacancy in the office of a committeewoman in Union District and attempted to oust Mrs. Priscilla Clevenger from her office as such committeewoman for that district and as secretary of the committee by a vote of 7-0, without having given her a notice of such action or an opportunity to contest such move. The seven members then proceeded to name Mrs. Elsie Young of Union District to fill the vacancy just created by a vote of 7-0. Mrs. Young who was outside the meeting in a car at the time of the attempt to elect her to the committee then came inside the courthouse and participated in an attempt to remove Dorsel E. Smith and to elect John T. Westfall of Poca District as chairman of the Democratic Executive Committee of Putnam County by a vote of 8-0.

At the meeting held on February 14, 1962, in the courthouse in Winfield, which was called by Dorsel E. Smith, the duly elected chairman, at the request of one-third of the members, in accordance with the Rules and Regulations for the Government of the Democratic Party, none of the seven members who had attended the meeting at the courthouse on January 29, 1962, nor Elsie Young, whom they attempted to elect to the committee on the same date, attended this regularly called meeting. As a result, the chairman, Dorsel E. Smith, had present at the February 14th meeting only four regular and duly elected members of the committee and one, Mrs. Priscilla Clevenger, by proxy, which of course was not a majority of the twelve members necessary to constitute a quorum for the transaction of any legal business of the Putnam County Democratic Executive Committee, as required by Article VI, Section 3, Rules and Regulations for the Government of the Democratic Party in West Virginia. This meeting was therefore adjourned by the chairman; but apparently arrangements were made at that time for the submission of the list of election officers for the various precincts on behalf of the Democratic Party in Putnam County. It was this list which was prepared by the chairman, Dorsel E. Smith, and the minority members of the executive committee, that was submitted to the county court on April 3, 1962, for approval. This list was clearly illegal under the provisions of the statute and decided cases

relative thereto, because the chairman cannot submit a list without the approval of a majority of a committee acting as an entity. *Franklin* v. *County Court of McDowell County,* 86 W. Va. 479, 103 S. E. 330; *Brawley* v. *County Court of Kanawha County,* 117 W. Va. 421, 187 S. E. 328; *State ex rel. Robertson* v. *County Court of Kanawha County,* 131 W. Va. 521, 48 S. E. 2d 345; *State ex rel. Evans* v. *Kennedy,* 145 W. Va. 208, 115 S. E. 2d 73. The fact that the list submitted by Chairman Smith was an improper list does not answer the question raised in this case, however. The question raised is whether the list submitted by the Westfall group was a proper or legal list.

If the meeting held on January 29, 1962, by the petitioners in this proceeding, at which time it was attempted to remove a committee member and to elect Westfall as chairman of the committee was illegal, then the meeting on March 26, 1962, called in the name of Westfall by Dale F. Curtiss, who was not a duly elected member of the committee but who apparently had been appointed or elected secretary, was not a legal meeting; consequently, the list prepared by the members of the committee at that meeting and submitted on or before April 3 by Westfall to the county court was not a proper and legal list. In order to have legal business conducted by political committees, such committees must act in an organized manner as an entity and comply with the rules and regulations of the political party, none of which was done in the case at bar. The meeting attempted to be held on January 29, 1962, failed to follow the Rules and Regulations made and provided for such matters. In fact, the seven members flagrantly ignored the express provisions contained in such Rules, and the meetings attempted to be held by them were null and void, and any business attempted to be transacted at such meetings was illegal. In the first place, they ignored the fact that the duly elected chairman of the executive committee at no time failed or refused, after being requested by one-third of the members of the committee, to call a meeting of such committee. To the contrary, he complied strictly with the Rules and Regulations for the Government of the Democratic Party in West Virginia by promptly calling a meeting of the Democratic

Executive Committee of Putnam County, which meeting was boycotted by the seven members who attended the meeting of January 29, 1962, notwithstanding a notice having been sent to them on January 24, 1962, calling a meeting on February 14, 1962. Had the seven members attended this meeting and not have had a change of mind as to affiliation and affinity, they could have controlled the regularly called meeting on February 14th and could have submitted a proper and legal list of election officers of their choice to the county court of Putnam County for appointment and services at the polls on May 8, 1962. It is true they would not have had the services of John T. Westfall, because he was not a member of the committee and had not been properly or regularly elected chairman thereof. By the same token they would not have had the services of Elsie Young who was improperly and illegally elected at the meeting held on January 29, 1962. Therefore, although they could have controlled the regular business at this meeting they could not have removed the regularly elected chairman of the committee, Dorsel E. Smith, because under Article IX, Section 7, of the Rules and Regulations for the Government of the Democratic Party of West Virginia a three-fifths vote of the committee is required in order to remove any officer, and in this instance eight votes of the committee would be required instead of seven.

The committeewoman, Mrs. Priscilla Clevenger, who was also secretary of the committee and the married daughter of Chairman Smith and duly elected from Union District, was not sent a notice of the attempted meeting of January 29, 1962. This would in itself invalidate the meeting in accordance with the provisions of Article VI, Section 5, of the Rules and Regulations for the Government of the Democratic Party in West Virginia, and she remains a member of the committee until removed by lawful authority. *State ex rel. Bell* v. *County Court of Clay County,* 141 W. Va. 685, 92 S. E. 2d 449.

It is clear under the authority pertaining to such matters that the executive committee of any political unit in this state cannot act individually, even though a majority attempt to do so, but must act as a unit or as a whole or entity in a

legally organized meeting before any action on their part can be considered as valid or legal. *State ex rel. Robertson* v. *County Court of Kanawha County*, 131 W. Va. 521, 48 S. E. 2d 345; *State ex rel. Bell* v. *County Court of Clay County*, 141 W. Va. 685, 92 S. E. 2d 449. Therefore, the list of election officers for the various precincts in Putnam County which was submitted to the county court of Putnam County by the petitioners herein was not a legal list and the respondents herein, the County Court of Putnam County, were not required to appoint or approve such list. This being true, the county court did not have to approve or appoint the names on the lists submitted to it, either by the Westfall group or the Smith group, and, in such case should appoint by its own choice qualified persons selected by it to serve in such election. *State ex rel. Evans* v. *Kennedy*, 145 W. Va. 208, 115 S. E. 2d 73.

The record in this case indicates that this is what the respondents did in the disposition of this matter when it was before it with the submission of two lists. It merely approved and adopted the list submitted by Dorsel E. Smith as its own list, and the names contained on such list were legally appointed by the county court and such persons were qualified to serve legally at the polls in the primary election on May 8, 1962. Code, 3-4-15, and *State ex rel. Evans* v. *Kennedy, supra.*

For the reasons stated herein, the writ of mandamus prayed for by the petitioners was denied and the rule heretofore issued was discharged.

Judge Given participated in the unanimous decision of this case, but his death occurred before the opinion was prepared, approved and announced.

*Writ denied;*
*rule discharged.*