STATE *Ex Rel.* WILL P. COOK, *Sheriff, Etc. v.* PARIS BELCHER AND UNITED STATES FIDELITY & GUARANTY COMPANY

(No. 7075)

Submitted September 16, 1931. Decided September 22, 1931.

*Crockett & Tucker* and *J. Albert Toler,* for plaintiff in error.
*Bailey & Shannon,* for defendants in error.

WOODS, JUDGE:

This is an action to recover the penalty of a bond, given a sheriff by his deputy. The declaration alleged death by reason of the unlawful use of a pistol in the hands of the deputy. Error is prosecuted from a judgment in favor of the decedent's administratrix, for whose use and benefit the action was instituted.

The bond in itself contains no express provision making the bondsmen liable thereon for the unlawful or careless use of a revolver. So, plaintiff, in order to maintain an action thereon, must bring the deputy within the scope of Code 61-7-5, which reads such a provision into the bonds of certain officers, including "deputies who actually collect taxes." *Hatfield* v. *Wyatt*, 99 W. Va. 604.

Does the deputy here come within the statutory classification quoted above? The sheriff, as witness for the plaintiff, after stating that the deputy had been designated to look after police work, enforcement of the prohibition law, or any other violation of the law that might come under his observation, testified as follows: "Q. I asked you if he served court papers generally that were issued? A. He has. Q. Has he ever collected any executions issued on judgments taken in this court? A. Yes, sir. Q. And handled the finances of your office? A. Yes, sir." On cross-examination this witness stated that the deputy was not appointed to collect taxes, and that he never had collected any taxes. The testimony of the deputy is to the effect that he never has collected any taxes, during his two years service.

Counsel for the plaintiff make much of the fact that the sheriff admitted that the deputy had handled finances in the office, and the further fact that he drew a salary from the public treasury, stating that, by reason of the foregoing, there can be no question as to the deputy being a public official, as required by the legislature. But the statute does not purport to stop with the provision that he must be a *bona fide* public official, but provides specifically that he must "actually" collect taxes, otherwise a license must be obtained to carry a pistol.

The statute involved in this case prior to 1925 (Code 1923, chapter 148, section 7) included "deputies who collect taxes". At the extraordinary session 1925, the legislature inserted the word "actually" which has been carried into the new Code. This addition was apparently made to correct some existing evil or to clarify the statute as it formerly existed. So, the mere fact that the deputy was such a man as the sheriff might have entrusted with the collection of taxes, as the plaintiff argues by reason of the fact that he had handled finances in the office, is not enough.

Not coming within the provision of the statute, the action on the bond fails because of the want of a provision making the deputy and surety liable for accidents caused by the unlawful or careless use of the pistol.

The judgment must be reversed as to both plaintiffs in error, the verdict of the jury set aside, and the case dismissed.

*Judgment reversed; verdict set aside; case dismissed.*