117 S.E.2d 353 (1960)
STATE ex rel. Gay H. DUKE, in His Own Behalf, and in Behalf of All Other Registered Voters of Jackson County,
v.
Perry Emmitt O'BRIEN et al.
No. 12068.
Supreme Court of Appeals of West Virginia.
Submitted September 7, 1960.
Decided September 20, 1960.
Opinion Filed October 18, 1960.
Dissenting Opinion December 13, 1960.
*354 John G. Hackney, Charleston, for relator.
Perry Emmet O'Brien, Ripley, for respondents.
BROWNING, President.
The petitioner, Gay H. Duke, instituted in this Court an original proceeding in mandamus in his own behalf and in behalf of all other registered voters of Jackson County against Perry Emmitt (Emmet) O'Brien, James Robinson and Ben Cadle, members of, and constituting, the Board of Ballot Commissioners of Jackson County, West Virginia, and Asa Harpold, the republican "nominee" for the office of Sheriff of Jackson County.
The petition alleges that Asa Harpold "is ineligible and disqualified to be elected Sheriff of Jackson County, West Virginia, for the full four-year term in the November 8, 1960, election, by reason of Article IX, Section 3 of the Constitution of West Virginia." The petitioner prays that a writ be awarded "enjoining, restraining, and inhibiting the said" members of the Board of Ballot Commissioners "from placing Asa Harpold's name upon the official ballot, in the November, 1960, election, as the Republican nominee for the office of Sheriff of Jackson County, West Virginia * * *."; that "Asa Harpold, be enjoined, restrained, and inhibited from requesting, demanding, or otherwise endeavoring to have the Board of Ballot Commissioners of Jackson County, West Virginia, place his name on the ballot, * * *."; "that the said Asa Harpold be further enjoined, restrained, and inhibited from posing, advertising, or otherwise presenting himself to the voters of Jackson County, West Virginia, as the Republican candidate for the office of Sheriff of Jackson County, * * *."; and that "he be granted such other, further, and general relief, both temporary and permanent, as the Court may deem just and proper in the premises, * * *."
On August 19, 1960, in the vacation of this Court, three Judges thereof awarded a rule returnable September 7, 1960, at which time a joint answer was filed by the members of the Board of Ballot Commissioners admitting that they are members of such Board and alleging as such that "they are circumscribed and restricted in their duties; that they are not a judicial or `fact finding body' * * *." On that day, the first day of a regular term of this Court, the case was submitted for decision, and on September 19, 1960, an order was entered awarding a writ of mandamus commanding the members of the Board of Ballot Commissioners, in their official capacity, "to omit the name of Asa Harpold as the Republican nominee for Sheriff of Jackson County from the official ballot for the general election to be held in said county on the 8th day of November, 1960. * *"
The purpose of this opinion is to state the reasons for the action of the Court in awarding the writ. This proceeding is controlled by the decision of this Court in State of West Virginia ex rel. Zickefoose et al. v. West et al., W.Va., 116 S.E.2d 398, 399. In that case one Suder served from January 1, 1957, until he resigned on December 31, 1959, as deputy of the Sheriff of Upshur County who was, in November, 1956, elected for the full four-year term of Sheriff of that county beginning on January 1, 1957, and ending December 31, 1960. In this proceeding the facts are identical *355 except Harpold resigned on December 26, 1959. Both Suder and Harpold filed their candidacies for the full four-year term of Sheriff of their respective counties, beginning January 1, 1961, and ending December 31, 1964, and both received the highest number of votes cast by the voters of their parties in the May, 1960, primary election. The 5th Syllabus Point of the Zickefoose case reads: "A person who has acted as deputy for a sheriff duly elected to a full term is ineligible, under the provisions of Article IX, Section 3, of the Constitution of West Virginia, to be elected sheriff for the next succeeding full term." The provisions of Article IX, Section 3, of the Constitution that are pertinent read: "The same person shall not be elected sheriff for two consecutive full terms; nor shall any person who acted as his deputy be elected successor to such sheriff, nor shall any sheriff act as deputy of his successor; nor shall he, during his term of service, or within one year thereafter, be eligible to any other office." It would serve no good purpose to reiterate the position of the majority of the Court on this question, or to again review the authorities cited in the majority and concurring opinions in the Zickefoose case. Suffice to say that Harpold is ineligible to be elected to the office of Sheriff of Jackson County and mandamus will lie directing the Board of Ballot Commissioners of Jackson County to omit his name from the official ballot.
It is the understanding of the writer that all of the Judges of this Court are of the opinion that Harpold is inhibited by this constitutional provision from serving as Sheriff of Jackson County for the full term which begins January 1, 1961. The separate dissenting opinions by Judges Haymond and Berry in the Zickefoose case were directed solely to the question of whether mandamus was a proper remedy by which the Ballot Commissioners could be directed to omit the name of Suder from the official ballot for the general election to be held in November.
Perhaps it should be also noted that in the Zickefoose proceeding the petitioner prays that the Ballot Commissioners be commanded to "omit" Suder's name from the official ballot, whereas in this proceeding the prayer uses such words as "enjoining, restraining, and inhibiting" respondents from placing Harpold's name on the ballot. This Court, of course, is without original jurisdiction to grant an injunction in any kind of a case, suit or proceeding. Article VIII, Section 3, Constitution; Code, 51-1-3. However, this Court is of the view that the prayer of this petition is sufficient to grant the relief requested since the petitioner is clearly entitled thereto by the pleadings filed unless the phrasing of his prayer prevents this Court from granting such relief. This is a petition in mandamus, it being so designated on its face, there was no demurrer to it, and it is the only proceeding by which the petitioner would be entitled to the relief which he seeks in this Court. We construe the language used as a prayer to omit the name of Harpold from the ballot.
Writ awarded.
HAYMOND, Judge (dissenting).
The only authority cited to support the decision of the three judges of this Court, who constitute the majority, in awarding a writ of mandamus in this original proceeding, is the recent decision of this Court, by a majority which also consisted of three judges, in the case of State ex rel. Zickefoose v. West, W.Va., 116 S.E.2d 398. As I regard that decision as clearly wrong, as contrary to at least three prior decisions of this Court relating to the duty of a board of ballot commissioners to place the name of a duly certified or nominated candidate upon the ballot to be prepared by the board, as unduly extending the scope of mandamus beyond the clearly recognized and defined limits within which it has heretofore been restricted in this jurisdiction, and as logically inconsistent and legally unsound, I register my dissent in this proceeding.
*356 In the Zickefoose case I filed a dissenting opinion, in which I was joined by Judge Berry who also filed a separate dissent. W. Va., 116 S.E.2d 398, 406, 407. In my dissent I stated a number of reasons for my disagreement with the decision of the majority in that proceeding. I urge the same grounds in this dissent and for a detailed statement of those grounds and the numerous authorities on which I rely, I refer to my dissenting opinion in the Zickefoose case. Without reciting in detail the reasons for my dissent in that case, I condense and repeat them in this dissent.
In many cases before the decision in the Zickefoose case and the decision in the present proceeding, this Court has consistently held that the writ of mandamus will not be awarded to require the person to whom it should be directed to perform an act which by law he is not required or empowered to perform. As the board of ballot commissioners under the statute, Sections 3 and 4, Article 5, Chapter 3, Code, 1931, has no duty or authority to remove or omit the name of a properly certified or nominated candidate from the election ballot, the present decision contravenes that fundamental principle of the law of mandamus, and departs from though it does not expressly overrule the sound decisions of this Court in State ex rel. Schenerlein v. City of Wheeling, W.Va., 108 S.E.2d 788; State ex rel. Harwood v. Tynes, 137 W.Va. 52, 70 S.E.2d 24; and State ex rel. McKnight v. Board of Ballot Commissioners of Wetzel County, 86 W.Va. 496, 108 S. E. 399.
It is clear beyond question that the board of ballot commissioners is without power or authority to grant the relief for which the petitioners pray in this proceeding which is that it investigate and determine the ineligibility of the Republican nominee for the office of sheriff of Jackson County, and that, because of his ineligibility, it be enjoined, restrained and inhibited from placing his name on the official ballot to be used in the general election in November. For that reason the petitioners have failed to satisfy the requirement recognized and applied in many prior decisions of this Court and reaffirmed in the recent case of State ex rel. Evans v. Kennedy, W.Va., 115 S.E.2d 73, that he who seeks relief by mandamus must show a clear legal right to the remedy. Many of the cases which recognize and apply that fundamental principle are cited in my dissenting opinion in the Zickefoose case.
The action of the majority in determining the question of the eligibility and the qualification of the Republican nominee for the office of sheriff of Jackson County, in the first instance, for the board of ballot commissioners which the board is without power or authority to do, is an attempt to confer judicial power upon the board of ballot commissioners, an administrative agency of the legislative department of the government, and its action in requiring the board to omit his name from the official ballot to be used in the November election is an unauthorized exercise of judicial power because violative of the provisions of Article V of the Constitution.
The decision of the majority in this case also departs from and ignores the well established principle that an administrative agency, such as the board of ballot commissioners, can do only that which by statute it is authorized to do and, as previously pointed out, there is no statutory authority, even if that authority could be conferred by statute, for the board of ballot commissioners to determine the judicial question of the ineligibility of the Republican nominee for the office of sheriff of Jackson County which can be decided only by a court of competent jurisdiction in a proper proceeding such as an election contest, of which a county court has jurisdiction under Article VIII, Section 24, of the Constitution, a quo warranto proceeding, or a proceeding upon an information in the nature of a writ of quo warranto, after the election of the Republican nominee in the event of his election.
Though the tendency in this jurisdiction is to enlarge and advance the scope of the *357 remedy by mandamus in order to afford the relief to which a party is entitled when there is no other adequate and complete remedy, the use of that writ is subject to certain restrictions and limitations. For instance mandamus does not lie when another specific and adequate remedy is available; or to compel the performance of an unauthorized or illegal act; or when there is no duty of the defendant to perform the act which the petitioner seeks to have him perform; or to direct the exercise of discretion; and mandamus will not be permitted as a substitute for or to exercise the functions of a writ of error, an appeal, or a writ of certiorari.
The use of the writ of mandamus is expressly authorized by Section 41, Article 5, Chapter 3, Code, 1931, for the purpose of expediting the ascertainment and declaration of the results of elections and the performance of other duties by election officers. The first sentence of that section provides that any officer or person, upon whom any duty is devolved by that chapter, may be compelled to perform such duty by writ of mandamus. The same section also provides that "A mandamus shall lie from the supreme court of appeals, or any one of the judges thereof in vacation, returnable before said court, to compel any officer herein to do and perform legally any duty herein required of him." (Emphasis supplied). As the board of ballot commissioners is under no duty and is without authority to determine the eligibility or the qualification of a candidate for public office, or to omit his name from the ballot on the ground that he is ineligible or disqualified to be elected to or to hold public office, any action by it of that character could not possibly constitute its legal performance of any statutory duty imposed upon it. For that reason alone this Court should have denied the writ of mandamus in this proceeding.
The majority should not have ignored but should have followed and adhered to the prior decisions of this Court in the Schenerlein, Harwood and McKnight cases. Those decisions are sound in principle and under the doctrine of state decisis should be regarded as binding authority to be adhered to by this Court. In my judgment any unwarranted departure from that doctrine, such as the majority has effected by the decision in this proceeding, produces conflict, uncertainty and confusion in the reported decisions of this Court on the questions involved with the result that such decisions will not be regarded with respect or as reliable authority.
The majority, disregarding the decisions of this Court in the Schenerlein, Harwood and McKnight cases, manifestly seeks to support, by the prior decisions in Adams v. Londeree, 139 W.Va. 748, 83 S.E.2d 127, and Pack v. Karnes, 83 W.Va. 14, 97 S.E. 302, its decision in the Zickefoose case and in this proceeding in requiring the board of ballot commissioners to omit the name of the Republican nominee for sheriff from the ballot to be used at the general election in November. Neither of those cases supports or justifies the decision in the Zickefoose case or the decision of the majority in awarding the writ in this proceeding for reasons stated in detail in my dissent in the Zickefoose case.
It is evident that the majority seeks to justify its decision to award the writ on the theory that its refusal to do so would deny, renounce, or unduly restrict the jurisdiction of this Court in a proceeding in mandamus; that though there may be no remedy to determine the qualification of a candidate until after his election, there should be a remedy which could be invoked before the election; and that because there is no such remedy jurisdiction in mandamus automatically arises to determine, before the election, the precise question which is properly determinable in an election contest after the candidate has been elected. Any such theory is utterly unsound in principle. To the contrary are the many cases which hold that in mandamus the petitioner must show a clear legal right to the relief which he seeks, that such right must exist when the proceeding is instituted and is *358 not determined but is enforced in such proceeding, and that the defendant is under an existing duty to perform the act which the petitioner has the right to have him perform. If these essential elements do not exist, and they do not exist in this proceeding, no court has jurisdiction to entertain such proceeding or to award the writ. If there is a need for a remedy to determine the eligibility of a candidate for public office before he is elected such remedy must be supplied by legislative enactment and not by judicial legislation. It is clear that the petitioners in this proceeding do not have a clear legal right to the writ and that they seek to have such right determined in this proceeding instead of showing that such right existed when the proceeding was instituted. The board of ballot commissioners is under no duty to do what the petitioners seek to compel it to do and there is no duty of that kind for this Court to perform. Refusal of the writ would not limit or deprive this Court of its jurisdiction in mandamus; and in a proper proceeding it would possess and exercise all the jurisdiction that it has always had. By its action in awarding the writ the majority seeks to convert a proceeding in mandamus into an election contest before an election occurs, which it is not empowered to do.
For the reasons set forth at length in my dissent in the Zickefoose case, and substantially but less minutely restated in this dissent, I would refuse the writ in this proceeding; and I would refuse the writ for the additional reason that in granting the prayer of the petition that the board of ballot commissioners be enjoined, restrained and inhibited from placing on the ballot the name of the Republican nominee for sheriff the majority has, in fact, granted an injunction to that effect in a proceeding at law, in which injunctive relief may not be awarded. The proper function of a writ of mandamus is to compel an affirmative act in the performance of an existing duty, and not to compel the defendant to omit, or refrain from, the performance of such duty. By requiring the board of ballot commissioners to omit from the ballot the name of the Republican nominee for sheriff, which is negative rather than affirmative in character, the majority actually restrains and prevents the board of ballot commissioners from taking any affirmative action and the award of the writ is in effect the issuance of an injunction. By issuing the writ requiring the board of ballot commissioners to omit from the ballot the name of the Republican nominee for sheriff this proceeding at law has been converted into a suit in equity and injunctive relief has been substituted for the affirmative relief which is properly afforded in mandamus. The principle is firmly established in this State and is recognized and applied in other jurisdictions that a court of equity has no jurisdiction, and will not interfere by injunction, to determine questions concerning the appointment or the election of public officers, or their right or title to public office. Lockard v. Wiseman, 139 W.Va. 306, 80 S.E.2d 427; Evans v. Charles, 133 W.Va. 463, 56 S.E.2d 880.
My primary purpose in filing this dissent is to demonstrate that in this jurisdiction mandamus is not the proper proceeding to determine, in the first instance, the qualification of a candidate for public office and to require the board of ballot commissioners to omit his name from an official election ballot on the ground that he is ineligible to be elected to or to hold the office for which he is a candidate. As I am firmly convinced that mandamus may not be used for that purpose, I express no opinion concerning the eligibility or the ineligibility of the Republican nominee for sheriff, under the provisions of Article IX, Section 3, of the Constitution, to be elected to or to hold that office.
I am authorized to state that Judge BERRY concurs in the views expressed in this dissent.